*1037 "This claim for refund of federal income taxes comes before the court on defendant’s motion to dismiss for lack of jurisdiction. Rule 38(b). Plaintiff claims that the Internal Revenue Service caused her to pay taxes not properly due by denying legitimate deductions and requiring her to file singly instead of jointly with her now deceased husband.
"Defendant has informed us that plaintiff has litigated her liability for 1970 taxes in the Tax Court. The decision, reported at 34 T.C.M. (CCH) (1975), was favorable to plaintiff on the issue of depreciation of an air conditioner and on the amount of loss to be recognized on the sale of a laundromat whose equipment included the air conditioner. The scope of the issues litigated in that case is not clear, there having been some narrowing of the issues from the time she filed her petition at the Tax Court to the time of decision there. See 34 T.C.M. at 1577. Yet the scope of the Tax Court proceedings is immaterial, except for the tax . year involved. 26 U.S.C. § 6512(a) (1970) provides, with exceptions not applicable here, that where a taxpayer receives a notice of income tax deficiency and files suit in the Tax Court, no suit may be entertained by other courts concerning the taxpayer’s income tax obligations for that same year. Accordingly, plaintiffs Tax Court suit (now on appeal to the Sixth Circuit) leaves this court without jurisdiction to hear her claim. Further, we have not been shown that plaintiff has filed a timely refund claim, a prerequisite to our jurisdiction. 26 U.S.C. § 7422(a) (1970).
"it is therefore ordered, upon the parties written submissions but without oral argument, that defendant’s motion to dismiss for lack of jurisdiction is granted. Plaintiffs petition is dismissed.”